IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE RIVERA,

    Plaintiff,

v.                                CV 14-CV-623 WPL/CG

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY OUT OF TIME

**THIS MATTER** has come before the Court upon *Plaintiff's Opposed Motion for Leave to Serve Discovery Out-of-Time*, (Doc. 145), filed June 1, 2016. Discovery in this case was originally due to be completed by March, 4, 2016. (Doc. 72). On February 25, 2016, the Court granted Defendant's *Stipulated Motion to Vacate Deadlines and Proposal from New Deadlines*, (Doc. 115), and extended the deadline for discovery until May 16, 2016. (Doc. 116). The Parties then asked to extend discovery a second time in order to complete the deposition of Garth Allen in their *Stipulated Motion Extending Discovery Deadline*, (Doc. 138). The Court granted the Motion and allowed the parties until May 24, 2016 to complete the deposition of Mr. Allen. (Doc. 139).

    During a May 23, 2016 telephonic conference on *Defendant Geico General Insurance Company's Motion for Protection and to Quash Subpoena Served on Garth Allen*, (Doc. 130), the Court ordered that the Plaintiffs could question Mr. Allen on whether he has ever been retained by insureds in uninsured or underinsured motorist coverage disputes with insurance carriers and whether he has written any opinions in these matters. (*See* Doc. 152). The Court also ordered that the parties could contact the


Court during the deposition if the parties had any disputes. (*Id.*). On May 24, 2016, Mr. Allen was deposed. At this deposition, Plaintiff asked Mr. Allen, "[h]ave you in your long time as offering services as an insurance expert been hired at any time by an insured in an uninsured or underinsured motorist case to offer an opinion?[,]" to which Mr. Allen responded in the affirmative and cited eight cases. (Doc. 145-1 at 2). Other than asking who hired Mr. Allen in these eight cases, counsel did not ask any other follow up questions, nor did he contact the Court to determine how to proceed.

Now, Plaintiff requests leave to serve out of time discovery so that Plaintiff may obtain the opinions Mr. Allen authored in the eight cases he identified, or subpoena plaintiffs' counsel in those cases in the event that Mr. Allen did not retain the opinions. (Doc. 145). On June 7, 2016, Defendant filed a Declaration from Mr. Allen, in which he states that he does not retain opinions in cases once the case has closed and each of the cases he identified at the deposition were closed. (Doc. 154). As a result, Plaintiff is asking the Court to allow extra time to subpoena counsel in the cases Mr. Allen identified at the deposition.

**I.     Standard of Review**

Plaintiff asks to serve discovery outside of the discovery deadline pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Rules"). (Doc. 145 at 1). However, because the discovery deadline expired before Plaintiff filed its motion, Plaintiff must show "good cause" and "excusable neglect" in accordance with Rule 6(b)(1). Specifically, the Rules state that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P.

6(b)(1)(B). The Tenth Circuit has held that a finding of "excusable neglect" requires "both a demonstration of good faith by the party seeking the enlargement and a finding that there was a reasonable basis for not complying within the specified period. *Cassirer v. San Miguel Cty. Bd. Of Cty. Comm'rs*, No. CIVA08-CV01668MSKCBS, 2009 WL 1844326, at *3 (D. Colo. June 23, 2009) (unpublished) (citing *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290-91 (10th Cir. 1974)).

"'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). A court must consider several factors to determine what actions may constitute excusable neglect, including: (1) the danger of prejudice to the opposing party; (2) the length of delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the part of the moving party. *Hamilton v. Water Whole Intern. Corp.*, Nos. 07-6153, 07-6157, 302 Fed. Appx. 789, 798 (10th Cir. Dec. 10, 2008) (unpublished) (Citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). "The reason for the delay is an important, if not the most important, factor in this analysis." *Id.* (quoting *Torres*, 372 F.3d at 1163).

Specifically in discovery, Rule 16(b) (4) provides the basis for modifying a scheduling order, establishing that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Advisory Committee Notes to Rule 16 state that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the

extension." FED. R. CIV. P. 16(b)(4), Advisory Committee Notes, 1983 Amendment. The Tenth Circuit has stated that "[p]roperly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. Of Cnty. Comm'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at * 6 (D.N.M. Jan 30, 2008) (unpublished).

## II.     Excusable Neglect

The parties asked for and were granted an extension of time to complete discovery in order to take Mr. Allen's deposition. (Doc. 139). The deposition took place on May 24, 2016 at which time the discovery deadline also passed. Plaintiff's counsel did not, however, notify the Court that additional discovery was required until June 1, 2016, even though counsel was instructed to contact the Court if there was any dispute regarding cases identified by Mr. Allen at the deposition. (*See* Doc. 152). Because Plaintiff's counsel neglected to complete discovery by the discovery deadline, the Court must now determine whether the neglect was excusable. The Court will address each factor to prove "excusable neglect" in turn.

### a.   *Danger of Prejudice*

In the Motion, Plaintiff did not argue whether granting out-of-time discovery would cause prejudice to the Defendants. The Court; however, finds that Defendants would be prejudiced by allowing Plaintiffs to continue conducting discovery past the deadline. Both the discovery deadline and the trial date have been reset twice in this case. (*See* Doc. 77, 116, 123, 139). To allow for an additional extension of discovery would likely push the trial back once again. Scheduling orders "and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and

certain manner." *Potter v. Health Care Auth.*, No. 03-1326-WEB, 2006 WL 580986, at *4-6 (D. Kan. Mar.8, 2006) (unpublished) (quoting *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994)). The Court cannot continue to extend the time for discovery.

### b. Length of Delay

In asking for an extension of discovery, the Plaintiff does not give any indication about the length of time that they will need to complete discovery. (*See* Doc. 145). However, because Mr. Allen does not have any of his opinions from the eight cases he identified, Plaintiff is asking the Court to allow it to subpoena the lawyers in each of the cases. (Doc. 145 at 2). All discovery deadlines and extensions the Court has set in this case have passed at this point. The parties' pretrial motions are due on June 15, 2016 and the trial is set to start on December 19, 2016. Allowing Plaintiff an indefinite amount of time to continue discovery will push the trial back a third time. The Court is not willing to allow the parties to continue delaying the trial when the parties have already received extensions and knew that they were waiting until the last day of discovery to take Mr. Allen's deposition.

### c. Reason for Delay

To show excusable neglect, a party must allege specific facts. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). Here, Plaintiff does not provide any facts regarding its failure to complete discovery on time. Moreover, the Motion does not argue that the additional discovery is needed to support the actual claims in the case. The Rules limit the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV.

P. 26(b)(1). At the deposition, Plaintiff's counsel asked Mr. Allen if he offered his opinion in any uninsured or underinsured motorist case and the names of those cases. (*See* Doc. 145-1 at 2). Plaintiff's counsel did not; however, ask or establish how the opinions in the eight cases Mr. Allen named have any relevance in the case at bar.

Indeed, in this case, Plaintiff claims that Defendant: (1) breached the duty of good faith and fair dealing by not timely investigating Plaintiff's claims; (2) failed to evaluate Plaintiff's claim; and (3) refused to pay Plaintiff's claims for "frivolous and unfounded reasons." (Doc. 67 at 2). Under the current Rules, the scope of discovery is limited to the "claims" and "defenses" in the case. FED. R. CIV. P. 26(b)(1).[1] The cases described by Mr. Allen relate to the broad subject matter of uninsured or underinsured motorists. However, Plaintiff's counsel did not ask how the eight cases Mr. Allen named relate to the claims in this case; therefore, Plaintiff has not shown that the information is relevant and should be discoverable. At this point, Plaintiff's counsel is simply speculating that the cases Mr. Allen named would provide them with relevant information to this case. The Court finds no reasonable excuse for having delayed taking Mr. Allen's deposition and asking for discovery beyond the discovery deadline when Plaintiff cannot show the discovery is even relevant.

### d. Good Faith

The final factor is whether Plaintiff acted in good faith. In this case, there is no evidence to suggest that Plaintiff moved for out of time discovery in bad faith or failed to complete discovery in bad faith; consequently, this factor does not affect the Court's findings. However, considering these facts in their totality, the Court finds that Plaintiff

---

[1] Prior to the 2000 amendments, Rule 26(b)(1) allowed for a broader scope of discovery to matters "relevant to the subject matter involved in the pending action."

has not shown that it failed to act due to "excusable neglect;" therefore, the Court will deny Plaintiff's request for additional time to conduct discovery.

### III.    Good Cause

In addition to failing to show "excusable neglect" in failing to meet the deadline, Plaintiff has not shown "good cause" to extend the deadline. Here, Plaintiff does not explain why Plaintiff was unable to meet the deadline, which was extended to the date that the parties requested. (*See* Doc. 138). "Carelessness is not compatible with a finding of due diligence and offers no reason for a grant of relief." *Pulsecare, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)). The Court finds that failure to recognize that the answers provided by Mr. Allen could lead to further discovery does not constitute "good cause" for extending the deadline.

### IV.    Conclusion

Plaintiff's Motion fails to explain why Plaintiff could not timely obtain the information requested nor does Plaintiff show due diligence. Further, Plaintiff has not shown how the information sought is relevant to Plaintiff's claims. For the foregoing reasons, the Court will **DENY** *Plaintiff's Opposed Motion for Leave to Serve Discovery Out-of-Time*, (Doc. 145).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE